JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05638-RGK (CWx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | HSBC BANK USA v. JOSEPH RAMIREZ | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       **(IN CHAMBERS)** Order Re: Motion to Remand (DE 12)


### I.     FACTUAL BACKGROUND

Plaintiff HSBC Bank USA ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Joseph Ramirez ("Defendant") in the Los Angeles County Superior Court on August 22, 2008. According to the Complaint, Defendant is wrongfully in possession of a property that Plaintiff purchased at a non-judicial trustee's sale held in accordance with California Civil Code § 2924 *et seq.* On June 26, 2008, Plaintiff served Defendant with a Notice to Quit the property within 30 days. More than 30 days has elapsed since service of the Notice and Defendant remains in possession of the property without Plaintiff's permission or consent.

On August 27, 2008, Defendant, in pro se, removed the action to this Court on the basis of federal question and diversity jurisdiction. According to Defendant's Notice of Removal, federal question jurisdiction is proper because the claims arise under federal law. In addition, Defendant alleges he is a resident and citizen of California and that the amount in controversy exceeds $75,000. Defendant does not allege the citizenship of Plaintiff.

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's motion.

### II.    JUDICIAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The

burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. DISCUSSION

### A. Defendant Has Not Established Federal Question Jurisdiction

Plaintiff contends the Court lacks federal question jurisdiction because the Complaint is grounded in California state law and alleges no federal claims. For the following reasons, the Court agrees.

Federal courts have original federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint. *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 479 (9th Cir. 1990). The burden of establishing jurisdiction falls on the party invoking the removal statute. *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984).

Here, Defendant alleges in his Notice of Removal that the claims arise under federal law because of discovery requests made by Plaintiff. The Complaint, however, states a single cause of action for unlawful detainer based on California Code of Civil Procedure § 1611a. No federal claims appear on the face of the Complaint. Defendant has failed to establish the existence of a federal question or a federal claim. Thus, removal based on federal question jurisdiction is improper.

### B. Defendant Has Not Established Diversity Jurisdiction

Plaintiff also contends the Court lacks diversity jurisdiction because the parties are not diverse and the amount of damages claimed does not exceed $10,000. For the following reasons, the Court agrees.

#### 1. *Defendant has not Established Complete Diversity*

Federal courts have original diversity jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in a state where he has established a fixed habitation or abode and intends to remain there permanently or indefinitely. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. 1332(c).

Here, Defendant alleges he is a United States citizen and that his current residence is in the State of California. As there is no indication that Defendant intends to remain permanently or indefinitely in California, it is unclear whether Defendant is, in fact, domiciled in California, and thus a citizen of California.[1] In addition, the Notice of Removal gives no indication of Plaintiff's citizenship.[2] As

---

[1] If Defendant is a citizen of California, then removal would be improper under 28 U.S.C. § 1441(b), which provides: "such action[s] shall be removable only if none of the parties in interest

Defendant has failed to properly establish both his and Plaintiff's citizenship in his Notice of Removal, the Court finds Defendant has not meet his burden of establishing complete diversity of citizenship.

### 2. *Defendant has not Established a Sufficient Amount in Controversy*

When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1909 (9th Cir. 2003).

Here, Plaintiff alleges in his Notice of Removal that the amount in controversy exceeds $75,000. According to the face of the Complaint, however, the amount of damages claimed does not exceed $10,000. (Compl., 1.) As the amount in controversy is in doubt, there is a "strong presumption" that the amount is insufficient to confer jurisdiction.  Defendant has not shown, by a preponderance of the evidence, any proof that the amount in controversy meets the jurisdictional threshold. Thus, the Court finds the amount is insufficient to confer diversity jurisdiction.

## IV. CONCLUSION

Based on the foregoing, Defendant has failed to establish that the Court would have had original jurisdiction over the matter under federal question or diversity jurisdiction. As the Court lacks subject matter jurisdiction, the matter must be remanded to the state court. Thus, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

|                     |        | : |
|---------------------|--------|---|
| Initials of Preparer | slw   |   |

---

properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Known as the "forum defendant" rule, this rule reflects the belief that federal diversity jurisdiction would be unnecessary because there is less reason to fear state court prejudice against the defendant if he is from the forum state. *Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.2d 867, 870 (9th Cir. 2004).

[2] According to the Motion to Remand, Plaintiff is a citizen of California and its principal place of business is located in California.